IN THE US DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 21 2013

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

KENNETH STEWART, JR.,

Plaintiff,

VS

NO: 3:13-cv-00057 KGB/JTR

NUCOR CORPORATION,

Defendant.

This case assigned to District Judge BAKER
and to Magistrate Judge RAY

## COMPLAINT

COMES NOW Plaintiff, Kenneth Stewart, Jr., by and through counsel, and for cause of action against the defendant, would show the following:

### INTRODUCTION

Plaintiff, Kenneth Stewart, Jr., is a steel industry worker and was employed by Vesuvius Plc. He was assigned by his employer to work at the Nucor Corporation in their Hickman, Arkansas plant in a discrete area of the Nucor plant. On or about July 23, 2010, the Plaintiff was operating a crane called a "trolley" when it malfunctioned and severely and permanently injured the Plaintiff.

### JURISDICTION

1. The Plaintiff, Kenneth Stewart, Jr., is a resident citizen of Jonesboro, Craighead County, Arkansas.

2. Defendant, Nucor Corporation, is a Delaware corporation licensed to transact business in the State of Arkansas. As such, they are subject to the jurisdiction

and process of this court. Nucor Corporation may be served with process through it's registered agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

3. Plaintiffs cause of action arises in tort as a result of injuries and damages sustained proximately due to the negligence of Defendant Nucor in Hickman, Mississippi County, Arkansas on July 23, 2010.

4. The Court has jurisdiction over this action under 28 U.S.C. 1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 excluding interest and costs.

5. The actions complained of herein occurred in the Eastern District of Arkansas and venue is proper in this Court.

6. Plaintiff brings this action under Ark. Code Ann. § 11-9-410.

7. Plaintiff specifically alleges that valid service of process has been issued and will be served upon the Defendant herein.

8. Plaintiff specifically alleges that the Defendant herein cannot identify any individual or legal entity who is not a party to this action, who caused or contributed to the injuries and damages for which the Plaintiff seeks recovery herein.

9. The Defendant is being sued individually, and under the Doctrine of Respondeat Superior, for the actions and/or inactions of its agents, apparent agents, servants and/or employees.

## FACTS

10. Defendant, Nucor Corporation (hereinafter referred to as "Nucor"), by its own admission, is the nations largest steel producer, publically traded on the New York

Stock Exchange (NUE), and is a fortune 500 company.

12. Nucor owns and operates a large steel plant in Hickman, Mississippi County, Arkansas where it produces hot rolled, cold rolled and coated steel sheets.

12. At all times herein pertinent, Defendant Nucor had a contract with the Plaintiffs employer, Vesuvius, whereby Vesuvius employees would work on the tonnages in a specific area of the Nucor facility in Hickman, Arkansas.

13. The Vesuvius workers, including the Plaintiff, were employees of Vesuvius and were not employees, special or otherwise, of Nucor, and the facts supporting this allegation are so one-sided that the issue is not one of fact but one of law.

14. The Vesuvius employees who worked on the tonnages inside the Nucor plant were interviewed and hired by Vesuvius away from the premises of any Nucor facility, were trained by Vesuvius away from the premises of any Nucor facility, wore discrete Vesuvius uniforms, reported to work at a time specified by Vesuvius, were evaluated by and reported to Vesuvius superiors, received their paychecks from Vesuvius, and worked under the control of Vesuvius inside a distinct area of the Nucor facility with other Vesuvius employees.

15. The Plaintiff was an employee of Vesuvius who, on July 23, 2010, was injured while working on the tonnages inside the Nucor plant in Hickman, Arkansas. The Plaintiff was not an employee, special or otherwise, of Defendant Nucor at the time of his injury.

16. The Plaintiff was interviewed and hired by Vesuvius away from the premises of any Nucor facility, trained by Vesuvius away from the premises of any Nucor facility, wore a discrete Vesuvius uniform, reported to work at a time specified by

Vesuvius, was evaluated by and reported to Vesuvius superiors, received his paycheck from Vesuvius, and worked under the control of Vesuvius inside a distinct area of the Nucor facility with other Vesuvius employees.  (See Plaintiff's application and employment documents attached hereto as Exhibit A)

17. In order to complete his job duties for Vesuvius, the Plaintiff was required to operate a crane, known as a "trolley", which was owned and/or leased and/or maintained by Defendant Nucor.

18. On July 23, 2010, the Plaintiff, who was about the business of his employer Vesuvius, was operating the "trolley" and using it to move 1,500 pound loads inside the Nucor plant.

19. The trolley the Plaintiff was operating had malfunctioned earlier the very same day when the excessive amount of dust and debris inside the plant caused the contact points to stick which prevented the controls from operating properly.

20. The earlier malfunction was reported to Defendant Nucor, who owns and/or leases and/or maintains the trolley.  The trolley was inspected by Nucor employees who determined that it was again safe to use.

21. The Plaintiff had lowered a load of 1,500 pounds to the floor of the plant and released the hook from the load.  As he began to raise the chains and the hook to move another load, the hook became slightly caught on a metal handrail inside the plant. The Plaintiff immediately realized that the hook was caught and released the controls of the crane to stop it from pulling the hook any further.  In much the same fashion as before, the crane malfunctioned due to the dust and debris from the plant. The controls stuck and the crane continued to pull the hook against the handrail.  Due

to the increasing pressure from the crane, the hook slipped off of the handrail and, along with a large and heavy industrial chain, shot toward the Plaintiff. The hook and chain struck the Plaintiff on his right arm.

22. The Plaintiff suffered severe and permanent injuries and damages to his right arm proximately caused by the negligence of Defendant Nucor.

23. The Plaintiff suffered a right type 2 ulnar fracture and underwent an open reduction and internal fixation of the right ulna on July 24, 2010. Because the bones did not heal properly, it was necessary for the Plaintiff to undergo a revision of the right ulnar repair with internal fixation and application of Op-1 allograft on October 27, 2010. Further, the Plaintiff had arthroscopy on his right wrist, ulnar side, due to fraying of the ligamentous and cartilaginous structures that suspend the distal radius and ulnar carpus from the distal ulna. It is expected that the Plaintiff will undergo additional surgeries on his wrist and elbow in the immediate future.

24. At all times herein pertinent, Defendant Nucor was responsible for inspecting and/or maintaining and/or repairing the equipment, including the trolley crane which injured the Plaintiff.

## ACTS OF NEGLIGENCE

25. Defendant, either directly or through the acts of one or more of their agents, servants, apparent agents and/or employees, was guilty of one or more of the following acts and/or omissions which were a proximate cause of the injuries and damages herein complained of, to-wit:

    a. Negligently failing to properly inspect and maintain the crane in good and proper working order;

b. Negligently misrepresenting the safety and efficacy of the crane;

d. Negligently failing to adequately warn or instruct Plaintiff of the crane's dangerous propensities;

e. Negligently failing to repair the crane;

## INJURIES AND DAMAGES

26. Plaintiff as a direct and proximate result of one or more of the above acts of negligence of Defendant Nucor suffered the following injuries and damages:

a. Severe and permanent injury caused by the wrongs complained of;

b. Great physical pain both past and future;

c. Great mental and emotional anguish, both past and future;

d. Large medical expenses, both past and future;

e. Inability to enjoy the normal pleasures of life, both past and future;

f. Lost earning capacity, both past and future;

## RELIEF SOUGHT

WHEREFORE, premises considered, Plaintiff, Kenneth Stewart, Jr., sues the Defendant, Nucor Corporation, herein for actual and compensatory damages in the amount of Two Million Dollars ($2,000,000.00). Further Plaintiff reserves the right to amend these pleadings to conform to the facts as they may develop, for costs and interest, for all such other general relief justified by the facts under the law or in equity, and respectfully requests a trial by jury.

Respectfully submitted,

**DEAL, COOPER & HOLTON, PLLC**

_____
John R. Holton (2009056)
Timothy R. Holton (2001101)
296 Washington Ave.
Memphis, TN 38103
(901)523-2222
Jholton@dchlaw.com
Tholton@dchlaw.com